**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 26-1178**

---

**METROPOLITAN GOVERNMENT OF NASHVILLE**
**AND DAVIDSON COUNTY, TENNESSEE,**

*Petitioner,*

v.

**FEDERAL AVIATION ADMINISTRATION AND BRYAN BEDFORD,**
**AS ADMINISTRATOR OF THE FAA, IN HIS OFFICIAL CAPACITY,**

*Respondents.*

---

**UNDERLYING DECISION FROM WHICH**
**PETITION FOR REVIEW ARISES**

As set forth in the Petition for Review, the underlying decision from which the Petition for Review arises is Respondents' improper failure to act regarding, and constructive approval of, the State of Tennessee's transfer of governance and operational responsibility for the Nashville International Airport (BNA) and the John C. Tune Airport (JWN) to a new Airport Board of Commissioners, a majority of which were appointed by State of Tennessee officials, including FAA's failure to:

i) respond to the May 20, 2026 and June 28, 2026 requests by Petitioner Metropolitan Government of Nashville and Davidson County (Metro Nashville) for FAA action that was required under Section 757 of the FAA Reauthorization Act of 2024; and

ii) act on Metro Nashville's June 29, 2026 Motion for Administrative Stay filed with Respondents.

The underlying decision includes Respondents' constructive denial by inaction, culminating on or before July 1, 2026, when the new State-appointed Board of Commissioners assumed office without FAA having confirmed that it would withhold approval and recognition of the State-appointed Board pending compliance with Section 757.

Because the FAA must continuously evaluate an airport sponsor's compliance with applicable federal laws, the FAA's failure to comply with Section 757 operates as a *de facto* authorization of the new and unapproved Board of Commissioners to act on Airport matters with the silent consent and even active participation of the FAA. Ultimately, the underlying decision is FAA's determination to disregard its statutory obligations under Section 757 and allow the State of Tennessee to take over operational responsibility for, and the governance of, both Airports without FAA playing the crucial gatekeeper role that Congress expressly requires.

Respectfully submitted:

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
601 Thirteenth Street, N.W.
Suite 600 South

Washington, DC 20005
Telephone: (202) 552-2388
Email: rgoldberg@clarkhill.com
COUNSEL FOR PETITIONER
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

Dated: August 21, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 21st day of August, 2026, caused to be served a copy of the foregoing Document upon counsel for Respondents and for the Intervenor by filing it with the Court's CM/ECF system, where they are all currently registered.

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
601 Thirteenth Street, N.W.
Suite 600 South
Washington, DC 20005