**[ORAL ARGUMENT NOT SCHEDULED]**

**No. 26-1178**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE,

Petitioner,

v.

FEDERAL AVIATION ADMINISTRATION and BRYAN BEDFORD, as Administrator of the FAA, in his official capacity,

Respondents.

On Petition for Review of Agency Action

# RESPONDENTS' REPLY IN SUPPORT OF MOTION TO DISMISS

BRETT A. SHUMATE
*Assistant Attorney General*

STEVEN A. MYERS
JOSHUA M. KOPPEL
*Attorneys, Appellate Staff*
*Civil Division, Room 7212*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4820*

*Of Counsel:*

GREGORY ZERZAN
*General Counsel*

CHARLES E. ENLOE
*Assistant General Counsel*

WILLIAM McKENNA
*Chief Counsel*

KRYSTYNA BEDNARCZYK
*Assistant Chief Counsel, Federal Aviation Administration*

*Department of Transportation*

# TABLE OF CONTENTS

**Page**

GLOSSARY

INTRODUCTION .......... 1

ARGUMENT .......... 3

The Court Should Dismiss The Petition For Review For Lack Of Jurisdiction .......... 3

CONCLUSION .......... 13

CERTIFICATE OF COMPLIANCE

## GLOSSARY

| | |
|---|---|
| Airport Authority | Metropolitan Nashville Airport Authority |
| FAA | Federal Aviation Administration |

## INTRODUCTION

As the government explained in its motion to dismiss, 49 U.S.C. § 46110(a) fails to grant this Court jurisdiction over the petition for review for two reasons. First, that statute gives this Court jurisdiction over certain orders issued by the Administrator of the Federal Aviation Administration (FAA), but petitioner does not challenge any order that FAA actually issued. Second, 49 U.S.C. § 46110(a) permits review of orders issued under certain provisions of Title 49, but petitioner does not challenge or seek an order issued under one of those provisions.

Petitioner focuses much of its response on the merits of its petition for review, *see, e.g.*, Resp. 13-16, and on describing the effects that FAA's inaction has ostensibly had on control of the Nashville airports, *see, e.g.*, Resp. 8, 10-12. Such arguments are irrelevant to this Court's jurisdiction and are thus outside the scope of the government's motion to dismiss. The question presented in the motion to dismiss is not whether petitioner is entitled to relief on the merits; rather, it is whether this Court has jurisdiction to exercise direct review.

On that issue, petitioner's response is unpersuasive. Petitioner contends that an agency's failure to act can be reviewable in some

circumstances. That is correct, but 49 U.S.C. § 46110(a) gives this Court jurisdiction only to review "orders," not agency inaction. Petitioner's suit might have been brought as a mandamus action under the All Writs Act, but that is not the action that petitioner filed.

Petitioner also errs in arguing that 49 U.S.C. § 46110(a) would give the Court jurisdiction to review the actions that it claims FAA is required to take by Section 757 of the FAA Reauthorization Act of 2024, Pub. L. No. 118-63, tit. VII, subtitle A, § 757, 138 Stat. 1025, 1285-1287. Section 757 is not codified in the U.S. Code, and an order issued under that statute therefore does not arise under one of the parts of the U.S. Code identified in 49 U.S.C. § 46110(a). Petitioner argues that some *other* order issued under Section 757 may implicate some of the provisions that are identified in 49 U.S.C. § 46110(a), but even if that is true, the particular order that petitioner seeks would arise solely under Section 757 and would not implicate other statutes over which this Court has direct-review jurisdiction.

The petition for review should therefore be dismissed for lack of jurisdiction.

# ARGUMENT

## THE COURT SHOULD DISMISS THE PETITION FOR REVIEW FOR LACK OF JURISDICTION

1. The statute permitting direct review of certain FAA decisions permits review of an "order" issued by FAA. 49 U.S.C. § 46110(a). Petitioner's response confirms that it does not challenge any such order or action, but rather a failure to issue an order or to take other action. Petitioner contends FAA was required "to notify the affected parties that" there was a disputed change of governance implicating Section 757 and that "[t]he existing federally recognized arrangement would remain in place while the statutory conditions were evaluated." Resp. 4-5. And petitioner argues that FAA violated the statute by "*declin*[*ing*] to initiate any Section 757 process," "*declin*[*ing*] to communicate that implementation must await federal review," and "through its *inaction* allow[ing] the State-appointed board to assume control" of the Nashville airports. Resp. 5 (emphases added). These statements confirm that petitioner is challenging FAA's failure to act, not an order directly reviewable under 49 U.S.C. § 46110(a). Petitioner has not identified any discrete order of which it seeks review. As the government explained in its motion to dismiss (Mot. 9), a challenge to agency

inaction is properly filed as a mandamus petition. That is not the action that petitioner filed, however, and, in any event, this Court would lack jurisdiction over a mandamus petition for independent reasons. *See* Mot. 9-12; *infra* pp. 7-12.

Petitioner tries to establish agency action through what it alleges is FAA's "tacit approval" of the state-appointed board of the Airport Authority through "post-July 1 conduct." Resp. 5, 8. But the petition for review does not identify or challenge any discrete agency action (as opposed to inaction) that might amount to "tacit approval," Resp. 8. Petitioner now contends that FAA entered into grant agreements and a lease with the Airport Authority after July 27, 2026, *see* Resp. 11-27, but those actions are not identified in the petition for review, which is dated July 1, *see* Pet. 1. Any agency action that occurred after the petition was filed cannot possibly constitute the order of which petitioner sought review.

The cases on which petitioner relies do not counsel otherwise. In *Environmental Defense Fund, Inc. v. Hardin*, 428 F.2d 1093, 1099 (D.C. Cir. 1970), the Court held that agency inaction can, in some cases, be subject to direct review in this Court. That is true, but this Court

subsequently established that, at least in the ordinary case, the jurisdiction to review such inaction arises from the All Writs Act and that an action seeking review of agency inaction should thus be in the form of a mandamus petition. *See Telecommunications Rsch. & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70, 75-76 (D.C. Cir. 1984). Again, that is not the action petitioner filed. And to the extent that *Environmental Defense Fund* suggests there may be an alternative basis for jurisdiction for a claim challenging agency inaction that is "equivalent to a final denial," 428 F.2d at 1098, the case is inapposite here. At the time the petition was filed—and continuing through the present—FAA had not made any final decisions and had not done anything equivalent to a final denial.[1]

Petitioner's reliance on *Brotherhood of Locomotive Engineers & Trainmen v. Federal Railroad Administration*, 972 F.3d 83 (D.C. Cir. 2020), is also unavailing. In that case, certain labor unions petitioned

[1] *TRAC* recognized that the Court's "precedent concerning jurisdiction over interlocutory appeals from agency action (or inaction) [was] somewhat inconsistent," and it clarified the appropriate jurisdictional bases and fora for such claims. 750 F.2d at 74-75 & n.23 (citing *Environmental Defense Fund* as an example of that inconsistent precedent).

for review of a Federal Railroad Administration decision permitting engineers and conductors employed by the railroads' Mexican affiliate to operate trains in the United States. *Id.* at 88. The Court recognized that the Federal Railroad Administration had approved the railroads' certification program through "inaction—its declination to intervene—rather than the affirmative issuance of an order." *Id.* at 99. But that conclusion rested entirely on "the Railroad Administration's regulatorily prescribed passive-approval scheme." *Id.* Specifically, the Federal Railroad Administration had adopted a scheme under which, if the agency "does not notify the railroad—in writing and within thirty days of submission—that the written certification program fails to meet the minimum regulatory criteria, then the program 'is considered approved and may be implemented' by the railroad." *Id.* at 89-90. In this case, there is no regulation or other provision of law providing that FAA's inaction concerning an alleged change in airport sponsorship will constitute a recognition of such a change. The unique facts of *Brotherhood of Locomotive Engineers* bear no relationship to this case.

Contrary to petitioner's assertion (Resp. 9, 13), the government is not arguing that FAA's inaction is "insulated from review." As already

noted, agency inaction can, in certain circumstances, be subject to judicial review—whether by a mandamus action in this Court or an action under the Administrative Procedure Act in district court, *see* 5 U.S.C. § 706(1). The government's point here is simply that the statute petitioner has actually invoked does not establish jurisdiction in this Court to review the alleged inaction.

2. This Court also lacks jurisdiction over the petition for review—and would lack jurisdiction over a mandamus petition challenging FAA's inaction—because 49 U.S.C. § 46110(a) does not grant this Court jurisdiction over a petition for direct review of an FAA order issued under Section 757 of the FAA Reauthorization Act of 2024. *See* Mot. 9-12. Instead, 49 U.S.C. § 46110(a) gives this Court jurisdiction over an order issued by the FAA Administrator "in whole or in part under [Title 49, Subtitle VII, Part A], part B, or [49 U.S.C. § 114(*l*) or (r)]," 49 U.S.C. § 46110(a)—a group of provisions that does not include Section 757.

Petitioner does not dispute that Section 757 is not codified in the specified parts of Title 49. It instead argues (Resp. 17-18) that a "Section 757 determination cannot be made without applying Part B requirements," and thus that any order under Section 757 is necessarily

issued "in part under" Part B. That is incorrect, as the particular allegations of the petition for review here demonstrate. Petitioner contends that Section 757 imposes on the FAA "a mandatory duty … to state that it will not approve" a change in sponsorship "until litigation [in the Middle District of Tennessee] concludes," Pet. 1, and petitioner seeks an order compelling FAA to state that it "will not approve of or accept the State of Tennessee's transfer of governance of the [Airport Authority] at least until the [Middle] District of Tennessee litigation is concluded," Pet. 11. In support of this contention, petitioner relies upon Section 757(b)(2), which provides that the FAA "may not evaluate or approve a disputed change of airport sponsorship where a legal dispute is pending before a court of competent jurisdiction." Pub. L. No. 118-63, § 757(b)(2), 138 Stat. at 1286; *see* Pet. Ex. 2, at 5 (asserting that because the Middle District of Tennessee case "is ongoing," "Section 757(b)(2) fully applies and requires FAA to 'not evaluate or approve' the State's attempt to take over control of the Airport"); *see also* Pet'r's Resp. to Tennessee's Mot. to Dismiss 17 ("Nashville only asks that FAA be restrained from approving, recognizing, or otherwise authorizing the State-appointed board to assume [the Airport Authority]'s federal

obligations and operational responsibilities before the dispute is resolved."). Petitioner seeks an FAA order that it believes is warranted entirely because of Section 757(b)(2); it would not be issued, in whole or in part, under Part A, Part B, or § 114 of Title 49, Subtitle VII.

To be sure, some orders issued under Section 757 could arise in part under Title 49, Subtitle VII, Part B. That is because Section 757(c) provides that the FAA Administrator shall "determine whether the proposed sponsor or operator is able to satisfy Federal requirements for airport sponsorship or operation." Pub. L. No. 118-63, § 757(c), 138 Stat. at 1286. If the FAA Administrator issued an order declining to recognize a change in sponsorship on the basis that the proposed sponsor did not satisfy certain requirements in Part B, *see* 49 U.S.C. §§ 47106, 47107 (establishing conditions for grant approval)—or if a mandamus petitioner challenged FAA's failure to issue such an order—then this Court might have jurisdiction under 49 U.S.C. § 46110(a) (or, in the case of a mandamus petition, under the All Writs Act). But the FAA has not issued any order arising under Part B here, nor does petitioner seek such an order; indeed, petitioner argues that FAA may not even "evaluate" a disputed change in ownership. Pet. Ex. 2, at 3-5;

*see also* Pub. L. No. 118-63, § 757(b)(2), 138 Stat. at 1286. Instead, petitioner seeks an order that would be issued solely under the authority of Section 757(b)(2)—and 49 U.S.C. § 46110(a) does not provide this Court jurisdiction to review such an order.

In short, the fact that *some* FAA orders issued under Section 757 could arise under Part B does not mean that the *particular* FAA order that petitioner seeks here would arise under Part B. And the fact that this Court may have jurisdiction to review *some* FAA action under Section 757 does not give this Court jurisdiction to review the *particular* FAA inaction that petitioner challenges here.

The presumption in favor of judicial review likewise does not aid petitioner here because the government does not contend that FAA actions (or inactions) under Section 757 are unreviewable, *contra* Resp. 20; district courts may have jurisdiction over challenges that 49 U.S.C. § 46110(a) does not channel directly to the courts of appeals. Indeed, "the 'normal default rule' is that 'persons seeking review of agency action go first to district court rather than to a court of appeals.'" *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007). "Initial review occurs at the appellate level only when a direct-review statute specifically gives the

court of appeals subject-matter jurisdiction to directly review agency action." *Id.* But 49 U.S.C. § 46110(a) does not provide for direct court-of-appeals review of an order issued under Section 757—at least not one issued under Section 757(b)(2).

Nor is this a case where the jurisdictional statute is ambiguous. *See* Resp. 20 (citing *General Elec. Uranium Mgmt. Corp. v. U.S. Dep't of Energy*, 764 F.2d 896 (D.C. Cir 1985)). Absent any such ambiguity, this Court must apply Congress's plain text, rather than turning to the interpretive presumptions that petitioner invokes. That much is clear from *National Automobile Dealers Ass'n v. Federal Trade Commission*, where the Court considered petitions for review of the Federal Trade Commission's interpretation of certain statutory language. 670 F.3d 268, 269-270 (D.C. Cir. 2012). The petitioners invoked this Court's jurisdiction under 15 U.S.C. § 57a(e)(1)(A), which provided for review in this Court of a rule "promulgated under subsection (a)(1)(B)." *Id.* at 271 (quotation marks omitted). The Court explained that the rule at issue was not promulgated under subsection (a)(1)(B), and thus there was "no statute that gives this court jurisdiction to hear [the] petition on direct review." *Id.* at 272. Here, too, the jurisdictional statute that petitioner

invokes provides only for this Court to review orders issued under specific parts of Title 49. Since petitioner seeks an FAA order that would not be issued under those specified parts of Title 49, the statute does not give this Court jurisdiction. This conclusion follows from the plain text of the statutes that Congress enacted, none of which are ambiguous.

Finally, application of the jurisdictional statute's text does not "threaten[] broader consequences." Resp. 21. It is up to Congress to determine what sort of actions will be subject to direct judicial review in the court of appeals. If Congress enacts a provision for which it intends direct review in the court of appeals, it can say so. But it is not this Court's job to expand the clear limits that Congress has established on the Court's direct-review jurisdiction.

## CONCLUSION

The petition for review should be dismissed for lack of jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

STEVEN A. MYERS

/s/ *Joshua M. Koppel*
JOSHUA M. KOPPEL
*Attorneys, Appellate Staff*
*Civil Division, Room 7212*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4820*
*joshua.m.koppel@usdoj.gov*

*Of Counsel:*

GREGORY ZERZAN
*General Counsel*

CHARLES E. ENLOE
*Assistant General Counsel*

WILLIAM MCKENNA
*Chief Counsel*

KRYSTYNA BEDNARCZYK
*Assistant Chief Counsel, Federal Aviation Administration*

*Department of Transportation*

September 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,414 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Joshua M. Koppel*
Joshua M. Koppel